IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. RICKIE ALAN OSBORNE**

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S40,366     Phyllis H. Miller, Judge**

---

**No. E1999-02278-CCA-R3-CD - Decided July 6, 2000**

---

In this case, Defendant, Rickie Alan Osborne, was indicted for first degree murder. Following a jury trial, he was convicted of voluntary manslaughter. He was sentenced to serve six (6) years in the Tennessee Department of Correction and the judgment was entered March 12, 1999. From the record, it appears that nothing else was filed in this case until August 19, 1999, when Defendant filed, pro se, a "Motion to Correct Illegal Sentence." The trial court treated the motion as a motion to reduce sentence pursuant to Rule 35, Tennessee Rules of Criminal Procedure, and dismissed it without an evidentiary hearing. From this action, Defendant has appealed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which WILLIAMS, J. and GLENN, J. joined.

Rickie A. Osborne, Tiptonville, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Patricia C. Kussman, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General, and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

From the record available in this cause, it appears that Defendant was convicted of voluntary manslaughter after a jury trial and was sentenced to serve six (6) years in the Tennessee Department of Correction. The judgment was entered March 12, 1999. It appears that no motion for new trial was filed, and no notice of appeal was filed from the judgment.

On August 19, 1999, Defendant filed a pleading styled "Motion to Correct Illegal Sentence." In this motion, Defendant asserted that the trial court committed plain error in sentencing him by, in essence, not following the dictates of the Tennessee Criminal Sentencing Act. Defendant alleged that numerous enhancement factors were improperly applied, that various mitigating factors were not applied that should have been, and that the applicable factors were not given appropriate weight.

He further argued that he was entitled to alternative sentencing and he concluded the motion by stating that his sentence should have been no longer than four and one-half (4 ½) years and, more preferably, the minimum of three (3) years.

In his brief on appeal, Defendant argues that the motion was not filed pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. Defendant also asserts that the trial court committed plain error by not following the mandates of the Tennessee Criminal Sentencing Reform Act and therefore, his sentence is an illegal sentence. He further argues that he should not have received the maximum sentence and that he was entitled to alternative sentencing rather than full incarceration.

Defendant concludes his brief by arguing that the trial court failed to follow statutory law by not considering alternative sentencing, that his sentence should be reduced to three (3) years after a proper consideration of enhancement and mitigating factors, and that he is entitled to alternative sentencing.

## ANALYSIS

We have reviewed the entire record and we conclude that Defendant did not receive an "illegal sentence." Defendant was sentenced as a Range I offender for a Class C felony, and a sentence of six (6) years incarceration is within the statutory range for sentencing for that offense. See Tenn. Code Ann. § 40-35-112(a)(3) (1997). Therefore, this sentence was clearly not illegal. See Taylor v. State, 995 S.W.2d 78, 84 (Tenn. 1999) (holding that a sentence is only illegal if it is in direct contravention of a statute at the time it is imposed). A sentence is not "illegal" simply because a defendant does not agree with the application of enhancement and mitigating factors or with the failure to impose alternative sentencing. See, e.g., id.

The judgment and sentence reflected therein is not illegal or void on its face. For this reason, Defendant is not entitled to relief on his argument that the sentence was imposed illegally.

If treated as a motion to reduce sentence, the motion was untimely filed because it was not filed within 120 days of the date the sentence was imposed and thus, the trial court was required to summarily dismiss the motion. Tenn. R. Crim. P. 35(b) (stating that a motion to reduce sentence must be filed within 120 days after the date the sentence is imposed, no extensions shall be granted, and no actions shall toll the time limitation). Furthermore, even if timely filed, a trial court has the authority to summarily dismiss a motion to reduce sentence if it has no merit. Id.

Even if we waive the requirement that a notice of appeal be filed within thirty (30) days of judgment, Tenn. R. App. P. 4(a), and review the sentence on the merits, there is nothing to indicate any error, including plain error, in the sentence imposed by the trial court.

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. RICKIE ALAN OSBORNE**

**Criminal Court for Sullivan County**
**No. S40,366**

---

**No. E1999-02278-CCA-R3-CD**

---

**JUDGMENT**

Came the Appellant, Rickie Alan Osborne, pro se, and also came the Attorney General on behalf of the State, and this case was heard on the record on appeal from the Criminal Court of Sullivan County; and upon consideration thereof, this Court is of the opinion that the judgment of the trial court shall be affirmed.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is affirmed and this case is remanded to the Criminal Court of Sullivan County for execution of the judgment of that court and for collection of costs accrued below.

It appearing that Appellant is indigent, costs of appeal are taxed to the State of Tennessee.

**PER CURIAM**
Thomas T. Woodall, Judge
John Everett Williams, Judge
Alan E. Glenn, Judge